UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBBIE HIGGS, as Administratrix of
the Estate of Marvis Higgs, Deceased                                         PLAINTIFF


v.                                                          CIVIL ACTION NO. 3:17-cv-00192-CRS


GOLDEN GATE NATIONAL SENIOR CARE, LLC
d/b/a GOLDEN LIVING;
GGNSC LOUISVILLE HILLCREEK, LLC
d/b/a GOLDEN LIVING CENTER – HILLCREEK;
GGNSC ADMINISTRATIVE SERVICES, LLC
d/b/a GOLDEN VENTURES;
GGNSC HOLDINGS, LLC
d/b/a GOLDEN HORIZONS;
GGNSC EQUITY HOLDINGS, LLC;
GGNSC EQUITY HOLDINGS II, LLC;
GOLDEN GATE ANCILLARY, LLC;
GGNSC CLINICAL SERVICES, LLC;
GPH LOUISVILLE HILLCREEK, LLC;
RENAY ADKINS, in her capacity as Administrator of
Golden Living Center – Hillcreek;-
and
JOHN DOES 1 THROUGH 5, UNKNOWN                                        DEFENDANTS

Memorandum Opinion

I.      Introduction

        This matter is before the Court on the motion of Defendant Renay Adkins to dismiss all

claims against her under Federal Rule of Civil Procedure 12(b)(6), ECF No. 3. Plaintiff Debbie

Higgs, as Administratrix of the Estate of Marvis Higgs, responded, ECF No. 7. Adkins replied,

ECF No. 10.

        Higgs also moved to remand the case to the Jefferson County, Kentucky Circuit Court,

ECF No. 8. Defendants Golden Gate National Senior Care, LLC, d/b/a Golden Living, GGNSC

Louisville Hillcreek, LLC d/b/a Golden Living Center – Hillcreek, GGNSC Administrative

Services, LLC, GGNSC Holdings, LLC, GGNSC Equity Holdings, LLC, GGNSC Equity

Holdings II, LLC, Golden Gate Ancillary, LLC, GGNSC Clinical Services, LLC, GPH Louisville Hillcreek, LLC, and Adkins (collectively, "Defendants") responded. Higgs did not reply.

Because these motions involve similar issues and the same facts, the Court will address them in a single memorandum opinion and order. The Court will begin by considering Higgs' motion to remand the case to the Jefferson County Circuit Court and then will address Adkins' motion to dismiss the claims. For the reasons explained below, the Court will deny Higgs' motion to remand the case to the Jefferson County Circuit Court. The Court will grant Adkins' motion to dismiss the claims that are asserted against her.

II.     Background

      A.     Allegations in the Complaint

Marvis Higgs was a resident of Golden Living Center – Hillcreek. Compl. ¶ 3, ECF No. 1-1. He lived at the facility between January 26, 2016 and February 4, 2016, excluding periods of hospitalization. *Id*. Marvis Higgs was of unsound mind and looked to Defendants "for treatment of his total needs for custodial, nursing, and medical care." *Id*. ¶¶ 4, 22.

Because of Defendants' alleged wrongful conduct, Marvis Higgs "suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process." *Id*. ¶ 26. For example, he suffered open blisters, sores, skin injuries, and infections. *Id*. Defendants' alleged wrongful conduct also caused Marvis Higgs "loss of personal dignity, extreme pain and suffering, degradation, mental anguish, [and] disfigurement," as well as his death. *Id*. ¶¶ 26–27.

Higgs filed suit in the Jefferson County Circuit Court. She asserts claims of negligence, medical negligence, and corporate negligence against Defendants, as well a claim of

administrator negligence against Adkins. *Id.* ¶¶ 58–65. She additionally asserts a wrongful death claim against Defendants. *Id.* ¶¶ 66–69. Higgs seeks punitive and compensatory damages, and costs and other appropriate relief. *Id.* ¶ 72.

     B.     Procedural History

Defendants removed the case to this Court under the diversity statute, 28 U.S.C. § 1332. Not. Removal 1, ECF No. 1. Defendants then filed an answer to Higgs' claims. Answer 1, ECF No. 2.

III.     Higgs' Motion to Remand the Case to the Jefferson County Circuit Court

Higgs has moved to remand the case to the Jefferson County Circuit Court. Mot. Remand 1, ECF No. 8. Higgs asserts that both she and Adkins are domiciled in Kentucky and thus that there is not complete diversity. Mem. Supp. Mot. Remand 3, ECF No. 8-1. Defendants, however, contend that Adkins was fraudulently joined to prevent removal to this Court. Resp. Opp. Mot. Remand 1–3, ECF No. 11. Defendants explain that Higgs cannot assert a colorable claim against Adkins because she was "never employed at the nursing home facility at any point during Marvis Higgs' residence." *Id.* at 3. As part of her motion to dismiss, which Defendants incorporate in their response to the motion to remand, *id.* at 2., Adkins includes an affidavit in which she states that she served as an administrator of Golden Living Center – Hillcreek between April 7, 2014 and January 19, 2016, leaving five days before Marvis Higgs became a resident of the facility. *See* Adkins Aff. 1, ECF No. 3-2. Higgs does not appear to dispute that Adkins was not employed by Golden Living Center – Hillcreek while Marvis Higgs was a resident of the facility.[1]

---

[1] In her response to Adkins' motion to dismiss, Higgs acknowledges that Adkins was not employed by Golden Living Center – Hillview while Marvis Higgs was a resident, writing "Marvis Higgs entered the facility only days after Ms. Adkins left." Resp. Opp. Mot. Dismiss 3, ECF No. 7.

The removal statute, 28 U.S.C. § 1441(a), permits a party to remove a case in state court to federal court. 28 U.S.C. § 1332(a)(1) provides for federal jurisdiction over cases between "citizens of different states." Federal diversity jurisdiction requires that the parties be completely diverse. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). That is, no plaintiff and no defendant may be citizens of the same state. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

Fraudulent joinder will not prevent removal based on diversity jurisdiction. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The removing party has the burden of establishing fraudulent joinder. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). Fraudulent joinder occurs when "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citing *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Thus, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id*. If there are any "doubts as to the propriety of removal," the court should remand the case. *Coyne ex rel. Ohio*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949).

Under Kentucky law, a plaintiff asserting a negligence claim must show that the defendant owed her a duty, the defendant breached that duty, and the defendant's breach caused her injuries. *M & T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). Nursing homes have a duty to exercise "such reasonable care and attention for [the plaintiff's] safety as his mental and physical condition, known or discoverable by the exercise of ordinary care, may

require." *Murphy v. EPI Corp.*, 2004 Ky. App. Unpub. LEXIS 187, at *7 (Ky. Ct. App. Mar. 5, 2004) (citing *Miners Memorial Hosp. Ass'n of Ky. v. Miller, Ky.*, 341 S.W.2d 244, 245 (1960)).

Here, the complaint states that Adkins "was an Administrator of Golden Living Center – Hillcreek during the residence of Marvis Higgs." Compl. ¶ 14, ECF No. 1-1. Furthermore, "[t]he causes of action made the basis of this suit arise out of [Adkins'] administration of the facility during the residence of Marvis Higgs." *Id*. Regarding the administrative negligence claim, the complaint asserts, "As administrator of Golden Living Center – Hillcreek, Administrator Defendant owed a duty to the residents of Golden Living Center – Hillcreek, including Marvis Higgs, to provide services as a reasonable administrator within accepted standards for nursing home administrators." *Id*. ¶ 59. The complaint continues, "Administrator Defendant breached her duties owed to the residents of Golden Living Center – Hillcreek, including Marvis Higgs, during her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Marvis Higgs the care he required." *Id*. ¶ 60. The complaint then lists acts and omissions in which Adkins allegedly engaged. For example, the complaint asserts that Adkins failed to "monitor or provide enough qualified nursing personnel at the facility to ensure that Marvis Higgs . . . received timely and accurate care assessments." *Id*. Similarly, the complaint states that Adkins failed "to provide a safe environment for Marvis Higgs" or to "discipline or terminate employees at the facility assigned to Marvis Higgs that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility." *Id*.

These allegations require Adkins to have been employed by Golden Living Center – Hillcreek when Marvis Higgs was injured to properly assert a claim against her. When Adkins ended her employment with Golden Living Center – Hillcreek, she could not have fulfilled her

duty of care to the facility's residents. For instance, after leaving Golden Living Center –

Hillcreek, Adkins could not have provided a safe environment for Marvis Higgs or known which

employees at the facility were assigned to Marvis Higgs. This duty of care would have fallen to

the administrator who replaced Adkins and was employed while Marvis Higgs was a resident at

the facility.

In light of the undisputed facts established in this case, no colorable claim is asserted

against Adkins. Her joinder is accordingly improper, and the Court may therefore ignore her

citizenship for purposes of its diversity analysis. *See Alexander*, 13 F.3d at 949. There is

complete diversity among the remaining parties, and the Court may exercise diversity

jurisdiction over the matter. The Court will accordingly deny Higgs' motion to remand the case

to the Jefferson County Circuit Court.

IV.     Adkins' Motion to Dismiss the Claims Asserted Against Her

Adkins has also moved to dismiss the claims that are asserted against her under Federal

Rule of Civil Procedure 12(b)(6). As explained above, Higgs has failed to state a colorable claim

against Adkins. Accordingly, the Court will grant Adkins' motion to dismiss the claims.

V.    Conclusion

The Court will deny Higgs' motion to remand the case to the Jefferson County Circuit Court. The Court will grant Adkins' motion to dismiss the claims that are asserted against her. Claims against Adkins will be dismissed. An order will be entered in accordance with this memorandum opinion.

August 11, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**