UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBBIE HIGGS, AS ADMINISTRATRIX
OF THE ESTATE OF MARVIS HIGGS, DECEASED            PLAINTIFF

v.                             CIVIL ACTION NO. 3:17-CV-00192-CRS

GOLDEN GATE NATIONAL SENIOR CARE, LLC
D/B/A GOLDEN LIVING; ET AL.                           DEFENDANTS

**MEMORANDUM OPINION**

I.     Introduction

This case is before the court on a partial motion for judgment on the pleadings filed by defendants Golden Gate National Senior Care, LLC d/b/a Golden Living, GGNSC Louisville Hillcreek, LLC d/b/a Golden Living Center - Hillcreek, GGNSC Administrative Services, LLC d/b/a Golden Ventures, GGNSC Holdings, LLC d/b/a Golden Horizons, GGNSC Equity Holdings, LLC, GGNSC Equity Holdings II, LLC, Golden Gate Ancillary, LLC, GGNSC Clinical Services, LLC, and GPH Louisville Hillcreek, LLC (collectively "Defendants"). ECF No. 21. Plaintiff Debbie Higgs responded. ECF No. 22. Defendants replied. ECF No. 23. This matter is now ripe for review. For the reasons stated below, Defendants' motion will be granted.

II.     Factual Background

Marvis Higgs was a resident at Golden Living Center – Hillcreek in Louisville, Kentucky from January 26, 2016 until February 4, 2016. Pl. Complaint, ECF No. 1, ¶ 3. Golden Living Center – Hillcreek "is engaged in the for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment." *Id.* at ¶ 6.

During the relevant time period, Marvis Higgs was "of an unsound mind" and "looking to [Golden Living Center – Hillcreek] for treatment of his total needs for custodial, nursing, and medical care . . ." *Id.* at ¶¶ 4, 22.

Golden Living Center – Hillcreek allegedly "failed to discharge [its] obligations of care to Marvis Higgs." *Id.* at ¶ 25. This allegedly caused Marvis Higgs to suffer "accelerated deterioration of his health and physical condition beyond that caused by the normal aging process." *Id.* at ¶ 26. Specifically, Higgs suffered from "[o]pen blisters; [s]ores; [s]kin injuries; [i]nfections; and [d]eath." *Id.*

On March 6, 2017, Debbie Higgs, as Administratrix of Marvis Higgs' estate, filed suit against Defendants in Jefferson Circuit Court. ECF No. 1-1, p. 2. Then, on March 30, 2017, the case was removed to this court. ECF No. 1. Defendants now seek judgment on the pleadings as to Higgs' claims for violation of residents' rights under KRS 216.515(26) and negligence *per se*.

### III. Legal Standard

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009). While "[t]he plausibility standard is not akin to a 'probability requirement,' it demands "more than a sheer possibility that

a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the court need not accept as true the nonmoving party's legal conclusions or unwarranted factual allegations. *Id.* The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id.*

IV. Discussion

Defendants argue that they are entitled to judgment on the pleadings as to Higgs' claims for violation of residents' rights under KRS 216.515(26) and negligence *per se*. These arguments will be considered in further detail below.

A. Violation of Residents' Rights Under KRS 216.515(26)

Defendants first argue that Higgs does not have standing to state a direct claim for violation of residents' rights under KRS 216.515(26) because such claims must be brought by a resident or his guardian during the resident's lifetime. Higgs fails to respond to this argument in the response motion. To the extent that Higgs' complaint states a direct claim under KRS 216.515(26), the court agrees with Defendants.

KRS 216.515 defines the rights of residents in long-term care facilities. Examples of residents' rights include the right to confidential treatment of one's medical records, the right to use one's own personal funds, the right to associate with persons of one's choice, the right to retain use of one's personal clothing, and the right to not be detained against one's will. *Id.* KRS 216.515(26) states that "[a]ny resident whose rights as specified in this section are deprived or infringed upon shall have a cause of action against any facility responsible for the violation." It further states that "[t]he action may be brought by the resident or his guardian." *Id.*

In *Overstreet v. Kindred Nursing Centers Limited Partnership*, 479 S.W.3d 69 (Ky. 2015), the Kentucky Supreme Court considered whether the administrator of a deceased resident's estate could bring an action against a nursing home under KRS 216.515(26). The Court concluded that this statute only provides a cause of action for *living* residents and their guardians. *Id.* at 77. This interpretation aligns with the purpose of the statute, which is to "enhance the quality of living conditions for nursing home residents." *Id.* "There is nothing to be gained in a posthumous action . . . to vindicate the resident's right[s] . . ." *Id.*

Because Marvis Higgs is deceased, Debbie Higgs does not have standing to bring suit directly under KRS 216.515(26). Therefore, to the extent that Higgs' complaint states such a cause of action, Defendants are entitled to judgment on the pleadings.

B. Negligence *Per Se*

Defendants next argue that they are entitled to judgment on the pleadings as to Higgs' negligence *per se* claims based on violations of KRS 209, KRS 216, and Titles XVIII and XIX of the Social Security Act. It is unclear to the court whether Higgs' complaint states claims for negligence *per se* based on violations of these statutes, or merely references these statutes as evidence of the standard of care for common law negligence. Higgs' response motion provides

4

little clarity on this point. The response motion asserts that references to state and federal laws are "to establish standards of care for the Common Law action of ordinary negligence," but then goes on to discuss Kentucky's negligence *per se* statute. To the extent that Higgs states claims for negligence *per se*, Defendants are entitled to judgment on the pleadings.

Negligence *per se* is a negligence claim where "a statutory standard of care [is] substituted for the common law standard of care." *Young v. Carran*, 289 S.W.3d 586, 588-89 (Ky. Ct. App. 2009). KRS 446.070—which codifies negligence *per se* under Kentucky law—states: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." In order to state a claim for negligence *per se*, three requirements must be met:

1. [T]he statute in question must be penal in nature or provide no inclusive civil remedy;
2. [T]he party must be within the class of persons the statute is intended to protect; and
3. [T]he plaintiff's injury must be of the type the statute was designed to prevent." *Puckett v. Salyersville Healthcare Center*, 2015 WL 3643437, *2 (Ky. Ct. App. 2015) (citations omitted).

   i. Negligence *Per Se* Based on KRS 209

To the extent that Higgs' complaint states a claim for negligence *per se* based on Defendants' violation of the Kentucky Adult Protection Act under KRS 209, this claim fails as a matter of law. KRS 209 "simply prescribes procedures, committees, and methods that the state of Kentucky must follow when investigating and prosecuting allegations of adult abuse." *Pace v. Medco Franklin RE, LLC*, 2013 WL 3233469, *5 (W.D. Ky. June 25, 2013). The statute does not include a standard of care and therefore cannot form the basis for a negligence *per se* claim. *Id.* Thus, Defendants are entitled to judgment on the pleadings for this claim.

5

ii. Negligence *Per Se* Based on KRS 216

To the extent that Higgs' complaint states a claim for negligence *per se* based on Defendants' violation of KRS 216, this claim also fails as a matter of law. As previously stated, KRS 216.515(26) contains a civil remedy. This "precludes a negligence *per se* action to enforce the broader provisions of KRS Chapter 216" because it "evidences the intent of the General Assembly to confine private rights of action to those rights in KRS 216.515 . . ." *Puckett v. Salyersville Healthcare Center*, 2015 WL 3643437, *3 (Ky. Ct. App. 2015). Thus, Defendants are entitled to judgment on the pleadings for this claim.

iii. Negligence *Per Se* Based on Titles XVIII and XIX of the Social Security Act

Finally, to the extent that Higgs' complaint states claims for negligence *per se* based on violations of Titles XVIII and XIX of the Social Security Act, these claims fail as a matter of law. It is well established that negligence *per se* under KRS 446.070 must be based on the violation of a Kentucky statute. *Young v. Carran*, 289 S.W.3d 586 (Ky. Ct. App. 2008); T*&M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526 (Ky. 2006). Indeed, "[t]he Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws . . . and and thereby confer a private civil remedy for such a vast array of violations." *Id.* at 530. Thus, Defendants are entitled to judgment on the pleadings for these claims.

## V. Conclusion

For the foregoing reasons, Defendants are entitled to judgment on the pleadings for Higgs' claims for violation of the Residents' Rights Act under KRS 216.515(26) and negligence *per se*. An order will be entered in accordance with this memorandum.

April 26, 2018

**Charles R. Simpson III, Senior Judge
United States District Court**